UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARVIN MINOR, | * |
| | * |
| Petitioner, | * |
| | * |
| v. | * Civil Action No. 14-cv-12293-IT |
| | * |
| KELLY RYAN, | * |
| | * |
| Respondent. | * |

MEMORANDUM & ORDER

January 28, 2015

TALWANI, D.J.

Before the court are Respondent's Motion to Dismiss [#17] and Petitioner's Motion to Renew Motion to Appoint Counsel and Proceed In Forma Pauperis [#19]. In his petition for a writ of habeas corpus [#1] (the "petition"), Petitioner raises three grounds for relief: (1) that the trial judge erred in excluding relevant exculpatory evidence at trial; (2) that the trial judge erred in determining that probable cause existed to search the trunk of his vehicle; and (3) that his conviction for possession of a firearm was unconstitutional and based on insufficient evidence. Pet. Writ Habeas Corpus, 6, 8, 9. Petitioner acknowledges that, as to (3), he has not exhausted his state court remedies. Id., 10.

In her motion to dismiss, Respondent argues that Petitioner has not exhausted his state court remedies as to both grounds (2) and (3), and that the failure to exhaust available state remedies on all claims presented in the petition typically requires dismissal of the entire petition without prejudice. See Respt's Mem. Law Supp. Mot. Dismiss Pet. [#18] ("Respt's Mem."). Moreover, as to ground (2), Respondent argues that the court should dismiss the claim with prejudice because Petitioner had an adequate opportunity to litigate his Fourth Amendment claim

fully and fairly in state court, and therefore, under Stone v. Powell, 428 U.S. 465, 489–95 (1976), this court cannot consider a prisoner's Fourth Amendment claim on habeas review.

Petitioner has not responded directly to Respondent's motion to dismiss. Rather, he has renewed his prior motions to appoint counsel and proceed in forma pauperis, which the court had previously denied without prejudice to renew after Respondent had filed a response to the petition [see #16]. In his renewed motion, Petitioner states that, due to his inexperience and the lack of an adequate law library, he is unable to effectively respond to Respondent's motion.

Based on the documents that Petitioner filed with his motion to proceed in forma pauperis [#3], the court grants Petitioner's request to proceed in forma pauperis. As to Petitioner's request for the appointment of counsel, however, the court is unable to appoint counsel at this time. The court has authority to appoint an attorney for an eligible individual seeking habeas relief under 28 U.S.C. § 2254 if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In making the determination whether to appoint counsel, a court must consider the totality of the circumstances, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself. See DesRosiers v. Moran, 949 F.2d 15, 24 (1st Cir. 1991); Cookish v. Cunningham, 787 F.2d 1, 3 (1st Cir. 1986). In light of these factors, the court denies Petitioner's motion to appoint counsel without prejudice until it has had an opportunity to review the merits of petition and further determines whether granting counsel is appropriate in this case.

Turning to the exhaustion issue presented by the motion to dismiss, Respondent is correct that a federal district court cannot adjudicate a mixed petition (that is, one that contains both exhausted and unexhausted claims). Josselyn v. Dennehy, 475 F.3d 1, 4 (1st Cir. 2007). Where a state's highest court offers discretionary review, a petitioner must present that highest court

2

with the opportunity to review the claim. See Adelson v. DiPaola, 131 F.3d 259, 262–63 (1st Cir. 1997) ("Exhaustion obligations mandate that a habeas petitioner present, or do his best to present, his federal claim to the state's highest tribunal."). In Massachusetts, such review is sought through an Application for Leave to Obtain Further Appellate Review ("ALOFAR") to the Massachusetts Supreme Judicial Court ("SJC"). See Josselyn, 475 F.3d at 3. The record in this case clearly shows, and Petitioner concedes, that Petitioner has not exhausted his state court remedies as to ground (3) for relief. Pet. Writ Habeas Corpus, 10; see Def.'s Appl. Further Appellate Rev. [#18-3]. Moreover, as to ground (2), Petitioner presented this ground only to the appellate court and not the SJC. See Def.'s Appl. Further Appellate Rev. [#18-3]. Accordingly, the court cannot consider the petition on the merits in this posture.

In Rhines v. Weber, 544 U.S. 269 (2005), the Supreme Court recognized the problematic interplay between the total exhaustion requirement and the one-year statute of limitations set by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), by which "petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims." Id. at 275. To alleviate the harshness of this result, the Supreme Court approved a limited "stay-and-abeyance" procedure compatible with AEDPA's purpose. Id. at 275–78. Under this procedure, "a district court can stay the petition and hold it in abeyance while the petitioner exhausts the unexhausted claims." Josselyn, 475 F.3d at 4 (citing Rhines, 544 U.S. at 275). To obtain a stay in this circumstance, a "petitioner must show that there was 'good cause' for failing to exhaust the state remedies, the claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory tactics." Id.

Petitioner has not met this standard. As to ground (2), a stay is not justified because, absent a showing that Petitioner did not have an adequate opportunity to litigate his Fourth Amendment claim fully and fairly in state court, Stone v. Powell prevents this court from inquiring whether the state court's resolution of Petitioner's Fourth Amendment issue was correct. Id. at 489–95; see Sanna v. Dipaolo, 265 F.3d 1, 8–9 (1st Cir. 2001) ("So long as a state prisoner has had an opportunity to litigate his Fourth Amendment claims by means of such a set of procedures, a federal habeas court lacks the authority, under Stone, to second-guess the accuracy of the state court's resolution of those claims."). As to ground (3), "good cause" for Petitioner's failure to exhaust his state court remedies does not exist. In his petition, Petitioner explains that his state court remedies as to ground (3) were not exhausted because his "[a]ppellate counsel did not know the specifics of the Rule 25 general motion, therefore, appellate counsel did not present specific grounds." Pet. Writ Habeas Corpus, 10. Mere attorney error, however, is insufficient to establish "good cause" in this context. See Josselyn, 475 F.3d at 5 ("Ignorance of the law does not constitute good cause."); Mercado v. Roden, No. 11–10321–JGD, 2012 WL 4758364, *3 (D. Mass. Oct. 4, 2012) (explaining that "the First Circuit does not recognize ineffective assistance of counsel . . . as good cause in this context") (quotation marks and citation omitted).

Although the court finds that Petitioner has not met the standard for this court to stay the petition and hold it in abeyance while Petitioner exhausts the unexhausted claims in state court, the court will allow Petitioner an opportunity to voluntarily dismiss his unexhausted claims—grounds (2) and (3) for relief. See DeLong v. Dickhaut, 715 F.3d 382, 387 (1st Cir. 2013) ("We have held that where a petition is deemed mixed, the best practice is for the district court to give the petitioner an opportunity to dismiss the unexhausted claims."). The court notes that "if the

4

petitioner declines to dismiss the unexhausted claims, 'the district court should dismiss the entire petition without prejudice.'" Id. (quoting Clements v. Maloney, 485 F.3d 158, 169 (1st Cir. 2007)).  If Petitioner does dismiss grounds (2) and (3), the court can then set a briefing schedule and proceed to evaluate ground (1).

For the foregoing reasons, Petitioner's Motion to Renew Motion to Appoint Counsel and Proceed In Forma Pauperis [#19] is GRANTED IN PART and DENIED IN PART, in that Petitioner may proceed in forma pauperis, but the court shall not appoint counsel at this time. Respondent's Motion to Dismiss [#17] is GRANTED IN PART and DENIED IN PART. Petitioner shall inform the court within 30 days of this order whether he voluntarily dismisses grounds (2) and (3) for relief.

IT IS SO ORDERED.

January 28, 2015                                     /s/ Indira Talwani
                                                    United States District Judge